**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CHRISTOPHER RAY MCWHORTER, | ) | |
| | ) | Case No. 23-11007-PMB |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| GRIFFIN E. HOWELL, III, | ) | |
| as chapter 7 trustee | ) | |
| for the bankruptcy estate of | ) | |
| Debtor Christopher Ray McWhorter, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | _____ |
| KAPITUS SERVICING INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT**

Griffin E. Howell, III ("Trustee"), as chapter 7 trustee for the estate of Debtor Christopher Ray McWhorter ("Debtor"), files this Complaint against Kapitus Servicing, Inc., ("Defendant"), showing the Court as follows:

**Parties**

1.

On August 21, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, initiating Case No. 23-11007 pending in this Court.

2.

Thereafter, Griffin E. Howell, III was appointed as chapter 7 trustee.

1

3.

Pursuant to Federal Rules of Bankruptcy Procedure 7004(b)(3) and 7004(d), Defendant may be served with process by mailing a copy of this Complaint to Defendant, care of Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

**Jurisdiction and Venue**

4.

This is an adversary proceeding commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 547 and 550. This adversary proceeding arises in and relates to Debtor's bankruptcy case pending in this Court.

5.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

6.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background Allegations**

7.

According to Debtor's books and records and filed Schedules, Debtor made payments to Defendant in the total amount of $27,632.00 during the Preference Period (the "Preferential Transfers").

8.

Section 547(b) of the Bankruptcy Code provides for the avoidance of payments and other transfers made by the Debtor during the ninety (90) day period prior to the Petition Date (the

"Preference Period"), which in the Debtor's Bankruptcy Case covers payments and transfers that cleared between May 24, 2023 and the Petition Date.

9.

Prior to the date of the Preferential Transfers, American Express, was a creditor of Debtor.

10.

The Preferential Transfers were made while Debtor was insolvent.

11.

The Preferential Transfers are avoidable under 11 U.S.C. §§ 547(b) and 550.

## COUNT I
## AVOIDANCE OF TRANSFER PURSUANT TO 11 U.S.C. §§ 547(B) AND 550

12.

The allegations contained in paragraphs 1 through 11 are incorporated by reference as if fully set forth herein.

13.

Debtor's transfer to Defendant of funds totaling $27,632.00 was made within ninety (90) days of the Petition Date.

14.

The Preferential Transfers were made to Defendant, a creditor of Debtor, for or on account of an antecedent debt owed by Debtor before the transfer was made.

15.

The Preferential Transfers enabled Defendant to receive more than it would if Debtor's assets were distributed in accordance with 11 U.S.C. § 726.

16.

The Preferential Transfers were not made in the ordinary course of business,

17.

Debtor's transfer of $27,632.00 to Defendant constitutes an avoidable transfer under 11 U.S.C. § 547(b).

18.

Accordingly, pursuant to 11 U.S.C. §§ 547(b) and 550(a), the Trustee is entitled to:

a. avoid the Preferential Transfer in the amount of $27,632.00 by Debtor to Defendant;

b. a judgment against Defendant in the amount of $27,632.00; and

c. any other relief the circumstances may require.

**RESERVATION OF RIGHTS**

19.

The Trustee reserves the right to amend this Complaint and assert additional claims and/or additional parties should facts be discovered to add additional claims and/or parties.

**PRAYER FOR RELIEF**

WHEREFORE, the Trustee demands judgment as follows:

a. A determination that Debtor's transfer of $27,632.00 to Defendant constitutes an avoidable transfer;

b. An order avoiding the transfer of $27,632.00 by Debtor to Defendant, with the assets transferred held in trust for the Trustee and Debtor's bankruptcy estate;

c. A judgment against Defendant in the amount of $27,632.00;

d. Pre and post-judgment interest;

e. All costs of court; and

f. Any other relief the circumstances may require.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted, this 9th day of July, 2024.

                                          BARNES & THORNBURG, LLP

| | |
|---|---|
| 3340 Peachtree Road N.E. Suite 2900, | By: /s/ Lisa Wolgast |
| Atlanta, GA 30326-1092 U.S.A. | Lisa Wolgast |
| Telephone:    (404) 846-1693 | Georgia Bar No. 773399 |
| Facsimile:     (404) 264-4033 | Talia B. Wagner |
| | Georgia Bar No. 986221 |
| | Lisa.Wolgast@btlaw.com |
| | Talia.Wagner@btlaw.com |
| | *Special Counsel to the Chapter 7 Trustee* |

5